**Affirmed and Opinion Filed June 8, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00289-CV

**WESTLEY RISHER, Appellant**
**V.**
**MARQUETTE TRANSPORATION COMPANY GULF INLAND LLC,**
**Appellee**

### On Appeal from the 189th District Court
### Harris County, Texas
### Trial Court Cause No. 2020-51981

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Garcia

This is a maritime case in which the trial court granted Marquette Transportation Company's motion to dismiss Westley Risher's case against it pursuant to a forum-selection clause in Risher's employment contract. In a single issue, Risher argues the trial court erred because the agreement was an impermissible venue selection agreement rather than a forum-selection agreement.

For the reasons that follow, we affirm the trial court's order.[1]

## I.  BACKGROUND

Pursuant to the terms of his employment with Marquette, Risher signed an agreement entitled "Venue Selection Agreement." The clause at issue in the agreement provides, in pertinent part:

A.    Agreed Upon Venues and Process.

 . . . all parties agree that any legal action seeking relief for a covered dispute must be filed in either (1) the United States District Court for the Western District of Kentucky, or (2) the McCracken County Circuit Court in Paducah, Kentucky.

The agreement further provides:

B.    Covered Disputes.

This venue selection agreement . . . will cover all matters directly or indirectly related to your recruitment/potential employment, employment, or possible termination of employment, including, but not limited to, claims involving laws against discrimination whether brought under federal and/or state law, and/or personal injury claims/Jones Act claims or tort claims of any type, against Marquette or any of its current/former employees, supervisors, officers or directors.

Risher subsequently claimed that he was injured while working aboard one of Marquette's vessels and filed suit against Marquette in Harris County, Texas.

---

[1] This case was transferred to us from the Fourteenth Court of Appeals in Houston pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. Because this is a transfer case, we apply the precedent of the Fourteenth Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

Risher's petition alleged Jones Act negligence, unseaworthiness, and maintenance and cure claims against Marquette.

Marquette moved to dismiss Risher's claims pursuant to the agreement's requirement that the dispute be filed in Kentucky, and then answered subject to its motion. Risher responded, arguing that Marquette waived its right to seek dismissal by filing a Vessel Owner's Limitation of Liability Action in federal court.[2] Marquette replied that there was no waiver and the agreement is a forum- selection agreement requiring dismissal of the Harris County case.

The trial court conducted a hearing. Risher did not argue waiver as he had done in his response. Instead, he argued that the agreement is an impermissible venue selection agreement. Because this argument was raised for the first time at the hearing, the court allowed the parties to submit additional briefing.

After the parties submitted additional briefing, the court conducted another hearing. When the hearing concluded, the court granted Marquette's motion to dismiss without prejudice. This appeal followed.

## II. ANALYSIS

In a single issue, Risher argues the trial court's dismissal was erroneous because a venue selection agreement is unenforceable under Texas law. We review

---

[2] A Limitation of Liability proceeding is a special proceeding where a federal court sits in admiralty and limits a claimant's potential recovery to the value of the petitioner's interest in the vessel. *See* 46 U.S.C. § 30501, *et. seq.*; Rule F of the Supplementary Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

the merits of a motion to dismiss de novo. *See Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020); *see also Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

"When a state court hears an admiralty case, that court occupies essentially the same position occupied by a federal court sitting in diversity: the state court must apply substantive maritime law but follow state procedure." *In re OSG Ship Mgmt.*, 514 S.W.3d 331, 344 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (quoting *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406 (Tex. 1998)). Thus, in a case arising under federal general maritime law, federal law determines the enforceability of the forum selection clause. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590 (1991).

Under maritime law, forum-selection agreements are presumptively valid and are enforced unless the party seeking to avoid the agreement shows that enforceability "would be unreasonable" or against "a strong public policy of the forum in which suit is brought." *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10, 17–18 (1972). Here, Risher's argument that the agreement is void as against Texas public policy implicates the latter.

Risher contends that the agreement's generous use of the word "venue" indicates that it is a venue selection agreement. We disagree.

The Fourteenth Court of Appeals considered and rejected a similar argument in *OSG. See OSG,* 514 S.W.3d at 336. In that case, appellant argued that an

agreement designating "a federal court located in Hillsborough County, Florida, or alternatively, a state court of competent jurisdiction located in Hillsborough County, Florida" constituted an unenforceable venue selection agreement. *Id.* The court noted that "[n]ot all agreements can be neatly labeled as selecting a forum or a venue. Some agreements select both." *Id.* at 337. The court concluded that the agreement also included a forum selection clause because "the choice . . . to select a county in the State of Florida as the proper venue necessarily implies that [the parties] chose the State of Florida as the forum for a suit . . . ." *Id.; see also In re Moric*e, No. 01-11-00541-CV, 2011 WL 4101141, at *1 (Tex. App.—Houston [1st Dist.] Sept. 15, 2011, orig. proceeding) (mem. op.) (selection of New York county implied selection of New York state as the forum for suit).

Texas courts routinely enforce agreements selecting foreign fora as valid forum-selection clauses, regardless of whether the agreement specifies a particular venue in the chosen forum. *See In re Nationwide Ins. Co. of Am*, 494 S.W.3d 708, 717 (Tex. 2016) (enforcing forum-selection clause requiring suit to be filed in Franklin County, Ohio); *In re Int'l Profit Assocs.*, 274 S.W.3d 672, 674, 680 (Tex. 2009) (enforcing forum selection clause requiring suit in Nineteenth Judicial District of Lake County, Illinois); *SH Salon L.L.C. v. Midtown Mkt. Mo. City, TX LLC*, 632 S.W.3d 655, 660 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (enforcing forum selection clause requiring suit in New York State Supreme Court, Monroe County, New York).

In this case, the parties agreed on a forum—Kentucky—in which disputes were to be litigated. That the agreement also specifies venue in the designated forum does not change the character of the agreement from a forum-selection agreement to a venue selection agreement. Accordingly, the trial court did not err in concluding that the agreement at issue is a forum-selection agreement requiring dismissal of the Harris County suit.

The trial court's order is affirmed.

/Dennise Garcia/

DENNISE GARCIA

JUSTICE

210289f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WESTLEY RISHER, Appellant

No. 05-21-00289-CV    V.

MARQUETTE TRANSPORATION
COMPANY GULF INLAND LLC,
Appellee

On Appeal from the 189th District
Court, Harris County, Texas
Trial Court Cause No. 2020-51981.
Opinion delivered by Justice Garcia.
Justices Molberg and Reichek
participating.

In accordance with this Court's opinion of this date, the trial court's order is **AFFIRMED**.

It is **ORDERED** that appellee MARQUETTE TRANSPORATION COMPANY GULF INLAND LLC recover its costs of this appeal from appellant WESTLEY RISHER.

Judgment entered this 8th day of June 2022.